IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60511

_____


HOWARD MONTEVILLE NEAL,

Petitioner-Appellant,

versus

STEVE W. PUCKETT, Commissioner,
Mississippi Department of Corrections;
JAMES ANDERSON, Superintendent,
Mississippi State Penitentiary,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 2:97-CV-90

_____

May 2, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

After a thorough examination of the briefs and the record, we reach the following disposition.

First, we grant a Certificate of Appealability ("COA") with respect to Howard Neal's charge that his trial counsel was ineffective for failing to investigate and present evidence of mitigating circumstances. See Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000)(setting out the standard for the grant of a COA).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We will evaluate the issue under 28 U.S.C. § 2254(d) because there has been a hearing on the merits on this issue in state court.  See Green v. Johnson, 116 F.3d 1115, 1121 (5th Cir. 1997)(explaining that a ruling on substantive as opposed to procedural grounds constitutes a hearing "on the merits").[1]  The time and place for oral argument will be set by the clerk.

Second, we deny a COA on Neal's ineffective assistance claim concerning his counsel's failure to pursue a hearing on his competency to stand trial.  He failed to raise this issue in state court.[2]  It is therefore unexhausted, and Neal has not asserted

_____

[1]We decline Neal's request that we remand for a hearing on this and other issues, because one is neither required nor necessary.  See West v. Johnson, 92 F.3d 1385, 1410 (5th Cir. 1996)(holding that hearings not required when the existing record is adequate to evaluate the claims).

[2]Though the district court concluded that Neal had raised this issue, we disagree.  Neal's Motion to Vacate or Set Aside Judgment and Sentence does mention in its review of the pretrial proceedings that his trial counsel failed to pursue a pretrial competency hearing.  But the portion of that motion actually setting out his ineffective assistance claims does not raise this as an example of ineffective assistance.  The fact that the state court did not acknowledge this argument in its ruling on the motion is a good indication that Neal did not raise it before that court.  See Neal, 525 So.2d at 1281-83.
It is true, as Neal contends, that an investigation of Neal's personal history and a neurological examination would have increased his chances of being found incompetent to stand trial.  And Neal did raise a failure to investigate argument in his state court motion.  But that argument concerned sentencing and the voluntariness of his confession only.  Neal's claim here is that his lawyer failed to seek a competency hearing, during which such evidence would have been used.  This is therefore a different habeas corpus claim from those raised in state court, and not one that the state court has addressed.

cause and prejudice for this failure.  Jones v. Johnson, 171 F.3d 270, 277 (5th Cir. 1999).

Third, we deny Neal a COA on his ineffective assistance claim that investigation and presentation of additional evidence could have led to the suppression of his confession.  The additional evidence Neal points to would have been somewhat unreliable as well as merely cumulative.

Fourth, we deny a COA on Neal's claim that counsel was ineffective for failing to present additional evidence that would have reduced the weight given to his confession.  This claim is also unexhausted and lacks any assertion of cause and prejudice.

Fifth, we deny a COA on Neal's challenge to the jury instruction.  In this case, though the instruction was unconstitutionally vague, any error was harmless.  See Billiot v. Puckett, 135 F.3d 311, 315 (5th Cir. 1998)(holding that harmless error standard is appropriate for reviewing erroneous jury instructions).  If the court had given a proper instruction, such as the one suggested in Clemons v. Mississippi, 494 U.S. 738, 750, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), we are convinced that the result would have been the same.  See Billiot, 135 F.3d at 319 (applying the harmless error standard to erroneous jury instructions).

COA GRANTED in part; and DENIED in part.